## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **CDR STRAINERS & FILTERS, INC.** | § | **CASE NO. 16-31997-H5** |
| | § | |
| DEBTOR. | § | (SMALL BUSINESS CHAPTER 11) |

**EMERGENCY MOTION FOR EXPEDITED CONSIDERATION OF MOTION FOR (I) CONTINUED USE OF CASH COLLATERAL PURSUANT TO 11 U.S.C. 363(c) AND (II) <u>GRANTING ADEQUATE PROTECTION FOR USE OF CASH COLLATERAL</u>**
(Relates to Docket No. 133)

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THIS MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN TWENTY-ONE (21) DAYS FROM THE DATE THAT THIS MOTION WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED; IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**THE DEBTOR HAS REQUESTED EMERGENCY CONSIDERATION OF THIS MOTION. ACCORDINGLY, THE COURT MAY ACT EXPEDITIOUSLY ON THE MATTER. IF THE COURT SETS THIS MOTION FOR AN EMERGENCY HEARING, ATTENDANCE AT THIS HEARING IS NECESSARY TO PRESERVE YOUR RIGHTS.**

**EMERGENCY RELIEF HAS BEEN REQUESTED AND IF THE COURT CONSIDERS THIS MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN TWENTY-ONE (21) DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF, OR IF YOU BELIEVE THAT EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.**

**To the Honorable Karen K. Brown:**

Comes now, CDR Strainers & Filters, Inc. ("<u>CDR</u>"), Debtor and Debtor-in-possession, who files this Emergency Motion for Expedited Consideration of the Debtor's Motion for (I) Continued Use of Cash Collateral Pursuant to 11 U.S.C. § 363(c) and (II) Granting Adequate Protection for the Use of Cash Collateral ("<u>Cash Collateral Motion</u>"). CDR requests a hearing on or before January 3, 2017 and in support of the requested relief would show as follows:

1. CDR filed a voluntary petition for relief on April 18, 2016 under Chapter 11 of Title 11, United States Code 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code"). The Debtor's case is pending before the United States Bankruptcy Court for the Southern District of Texas, Houston Division. Debtor is operating its business and managing its property as debtor in possession under 11 U.S.C. § 1107(a) and 1108; no trustee or examiner has been appointed in this case.

2. CDR was authorized to use the cash collateral of Allegiance Bank (Enterprise Bank), Can Capital (APZB Industries), Austin County Appraisal District, and the Internal Revenue Service (collectively, the "<u>Secured Creditors</u>") through December 31, 2016 (See Docket No. 89). CDR originally anticipated filing and confirming its Chapter 11 plan prior to December 2016; however, due to a delay in receipt of account receivables and the filing of a condemnation proceeding, CDR anticipates filing its plan and disclosure statement by mid-February 2017. This Court extended CDR's deadline to file its plan and disclosure statement through April 30, 2017 (See Docket No. 129).

3. Because CDR is authorized to use cash collateral through December 31, 2016 and CDR has been unable to file its plan and disclosure statement, CDR filed a Motion for (I)

Continued Use of Cash Collateral Pursuant to 11 U.S.C. § 363(c) and (II) Granting Adequate Protection for the Use of Cash Collateral through April 2017 (See Docket No. 133).

4. CDR requests expedited consideration of its Cash Collateral Motion as CDR requires the continued use of cash collateral in order to maintain ongoing operations in order to achieve an effective reorganization. CDR was only able to file its Cash Collateral Motion last week because it was only recently able to prepare its cash collateral budget.

WHEREFORE, Debtor requests that this Court consider the Motion for (I) Continued Use of Cash Collateral Pursuant to 11 U.S.C. § 363(c) and (II) Granting Adequate Protection for the Use of Cash Collateral on an expedited basis and for all other just and equitable relief for which it may be entitled.

Dated: December 29, 2016

**CORRAL TRAN SINGH, LLP**

By: */s/Susan Tran*
Adam Corral | TBN: 24080404
Susan Tran | TBN: 24075648
Brendon Singh | TBN: 24075646
440 Louisiana St Ste 2450
Houston TX 77002
Ph: (832) 975-7300
Fax: (832) 975-7301
Susan.Tran@ctsattorneys.com

**ATTORNEYS FOR THE DEBTOR
AND DEBTOR IN POSSESSION**

## CERTIFICATE OF SERVICE

I hereby certify that on December 29, 2016 the following parties below and attached largest 20 unsecured creditors were served a true and correct copy of the foregoing Motion via First Class Mail, facsimile, or electronic notice.

| | | | |
|---|---|---|---|
| Ally Bank<br>c/o Paul Lawrence<br>2180 N. Loop W, Ste 510<br>Houston, TX 77018 | Enterprise Bank<br>c/o Ross, Banks, May, Cron & Cavin, P.C.<br>7700 San Felipe, Suite 550<br>Houston, TX 77063 | TLC Tonerland LP<br>3900 N. Fwy<br>Houston, TX 77022 | Internal Revenue Service<br>P.O. Box 7317<br>Philadelphia, PA 19101 |
| Can Capital<br>c/o Terri Hallman<br>2015 Vaughn Rd, Building 500<br>Kennesaw, GA 30144 | Ford Motor Credit Company LLC<br>c/o Devlin, Naylor, & Turbyfill PLLC<br>5120 Woodway Ste 9000<br>Houston, TX 77056 | Austin Appraisal District<br>c/o Owen Sonik<br>Perdue, Brandon, Fielder, Collins & Mott, LLP<br>1235 N. Loop West Ste 600<br>Houston, TX 77008 | United States Trustee<br>515 Rusk Ste 3516<br>Houston, TX 77002 |
| Blanca Croson<br>P.O. Box 441261<br>Houston, TX 77244 | Dore Law Group, P.C.<br>c/o Zachary McKay<br>17171 Park Row, Ste 160<br>Houston, TX 77084 | | |

/s/Susan Tran
Susan Tran

## VERIFICATION OF TRANSMITTAL TO U.S. TRUSTEE

The undersigned, an attorney, under penalties of perjury, verifies that a copy of the Motion was delivered to the United States Trustee on December 29, 2016, by electronic delivery by the clerk of the Bankruptcy Court.

/s/Susan Tran
Susan Tran