IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| CDR STRAINERS & FILTERS, INC. | § | CASE NO. 16-31997-H5 |
| | § | |
| DEBTOR. | § | (SMALL BUSINESS CHAPTER 11) |

**EMERGENCY MOTION TO EXTEND TIME TO FILE CHAPTER 11 PLAN
AND DISCLOSURE STATEMENT**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THIS MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN TWENTY-ONE (21) DAYS FROM THE DATE THAT THIS MOTION WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED; IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**THE DEBTOR HAS REQUESTED EMERGENCY CONSIDERATION OF THIS MOTION. ACCORDINGLY, THE COURT MAY ACT EXPEDITIOUSLY ON THE MATTER. IF THE COURT SETS THIS MOTION FOR AN EMERGENCY HEARING, ATTENDANCE AT THIS HEARING IS NECESSARY TO PRESERVE YOUR RIGHTS.**

**EMERGENCY RELIEF HAS BEEN REQUESTED AND IF THE COURT CONSIDERS THIS MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN TWENTY-ONE (21) DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF, OR IF YOU BELIEVE THAT EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.**

**To the Honorable Karen K. Brown:**

COMES NOW CDR Strainers & Filters, Inc. (hereinafter "CDR"), Debtor and Debtor-in-Possession ("Debtor"), who respectfully requests that this Court extend the time for CDR to file

its Small Business Chapter 11 Plan and Disclosure Statement and in support of the requested relief would show as follows:

## SECTION I
## STATEMENT OF THE CASE & FACTS

1.     CDR filed a voluntary petition for relief on April 18, 2016 ("Filing Date") under Chapter 11 of Title 11, United States Code 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code"). CDR's case is pending before the United States Bankruptcy Court for the Southern District of Texas, Houston Division.

2.     Pursuant to Bankruptcy Code 1107(a) and 1108, CDR is operating and managing its property as debtor in possession.  No trustees or examiners have been appointed in this case.

3.     CDR is a privately-held Texas for-profit corporation located at 279 Oil Field Rd., Bellville, TX 77418 incorporated on or about August 20, 2007.  CDR was founded by Blanca Croson ("Croson"), President and sole-shareholder of the Debtor.  CDR is a manufacturer and distributor of pipeline products, including strainers, orifice plates, line blinds, and custom fabricated items.

4.      CDR has filed all monthly operating reports that have come due since the Filing Date and is current on payments to the United States Trustee.

5.     CDR was sued in a condemnation lawsuit styled *Enterprise Crude Pipeline LLC v. CDR Strainers & Filters, Inc., et al* (hereinafter, the "Enterprise lawsuit") in Austin County, Texas where plaintiff Enterprise Crude Pipeline LLC ("Enterprise") seeks to obtain an easement on the CDR Properties.  Through the date of this Motion, the Enterprise lawsuit has not been resolved. Because the resolution of Enterprise lawsuit affects the use of CDR's real property, which may affect future income, CDR requires additional time to file its plan and disclosure statement.

6. CDR was granted an extension to file its plan and disclosure statement through April 30, 2017 (Docket no. 128) but CDR requires an additional extension through June 30, 2017 as the Enterprise lawsuit should be resolved or settled prior to June 30, 2017.

## SECTION II
## JURISDICTION, VENUE, AND CONSTITUTIONAL AUTHORITY TO ENTER A FINAL ORDER

7. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157(a) and 1334.

8. This Motion is a core proceeding pursuant to 28 U.S.C. Section 157(b).

9. Venue is proper pursuant to 28 U.S.C. Section 1408 and 1409.

## SECTION III
## RELIEF SOUGHT & AUTHORITIES

10. CDR requests an extension through June 30, 2017 in order to file its Small Business Chapter 11 Plan and Disclosure Statement.

11. Pursuant to 11 U.S.C. § 1121(e), a plan of reorganization and disclosure statement in a small business case may not be filed no later than 300 days after the order for relief and only the debtor may file a plan until after 180 days after the date of the order for relief unless extended for cause. Moreover, this Court has the discretion under 11 U.S.C. § 105 to extend the deadline for CDR to file its plan and disclosure statement in order to effectuate the debtor's process of reorganization.

12. CDR believes cause exists to extend the time period for it to file its Chapter 11 Plan and Disclosure Statement by June 30, 2017 as the result and or settlement of the Enterprise lawsuit will significantly impact CDR's plan of reorganization as CDR will be deprived of future use of some of its property, which will impact future income which will be used to fund its proposed plan of reorganization.

WHEREFORE, PREMISES CONSIDERED, the CDR prays that this Court extend the period for CDR to exclusively file its plan and disclosure statement through June 30, 2017 and for all just and equitable relief to which it may be entitled.

Dated: April 28, 2017

                                          Respectfully submitted,

                                          **CORRAL TRAN SINGH, LLP**

By:  */s/Susan Tran*
       Adam Corral | TBN: 24080404
       Susan Tran | TBN: 24075648
       Brendon Singh | TBN: 24075646
       1010 Lamar, Suite 1160
       Houston TX 77002
       Ph: (832) 975-7300
       Fax: (832) 975-7301
       Susan.Tran@ctsattorneys.com

       **ATTORNEYS FOR DEBTOR AND DEBTOR IN POSSESSION**

## CERTIFICATE OF SERVICE

I hereby certify that on April 28, 2017 the following parties below and attached largest 20 unsecured creditors were served a true and correct copy of the foregoing Motion via First Class Mail, facsimile, and/or electronic notice and parties requesting notice were served via CM/ECF.

| | | | |
|---|---|---|---|
| Ally Bank<br>c/o Paul Lawrence<br>2180 N. Loop W, Ste 510<br>Houston, TX 77018 | Allegiance Bank<br>c/o Ross, Banks, May, Cron & Cavin, P.C.<br>7700 San Felipe, Suite 550<br>Houston, TX 77063 | TLC Tonerland LP<br>3900 N. Fwy<br>Houston, TX 77022 | Internal Revenue Service<br>P.O. Box 7317<br>Philadelphia, PA 19101 |
| Can Capital<br>c/o Terri Hallman<br>2015 Vaughn Rd, Building 500<br>Kennesaw, GA 30144 | Ford Motor Credit Company LLC<br>c/o Devlin, Naylor, & Turbyfill PLLC<br>5120 Woodway Ste 9000<br>Houston, TX 77056 | Austin Appraisal District<br>c/o Owen Sonik<br>Perdue, Brandon, Fielder, Collins & Mott, LLP<br>1235 N. Loop West Ste 600<br>Houston, TX 77008 | United States Trustee<br>515 Rusk Ste 3516<br>Houston, TX 77002 |
| Blanca Croson<br>P.O. Box 441261<br>Houston, TX 77244 | Dore Law Group, P.C.<br>c/o Zachary McKay<br>17171 Park Row, Ste 160<br>Houston, TX 77084 | | |

/s/Susan Tran
Susan Tran

## VERIFICATION OF TRANSMITTAL TO U.S. TRUSTEE

The undersigned, an attorney, under penalties of perjury, verifies that a copy of the Motion was delivered to the United States Trustee on April 28, 2017, by electronic delivery by the clerk of the Bankruptcy Court.

/s/Susan Tran
Susan Tran