

ENTERED
06/28/2017

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| CDR STRAINERS & FILTERS, INC. | § | CASE NO. 16-31997-H5 |
| | § | |
| DEBTOR. | § | (SMALL BUSINESS CHAPTER 11) |

### ORDER CONFIRMING DEBTOR'S PLAN OF REORGANIZATION
(Nos.15\)

CAME ON FOR CONSIDERATION on June 28, 2017 the Debtor's Chapter 11 Small Business Disclosure Statement and Chapter 11 Small Business Plan of Reorganization filed on June 7, 2017 ("Disclosure Statement" and "Plan," respectively) by CDR Strainers & Filters, Inc. ("CDR") pursuant to 11 U.S.C. § 1125 and 1129. After hearing the evidence, the Court finds the following:

1. The Disclosure Statement, the Plan, and Order conditionally approving the Disclosure Statement and Plan were served to all creditors and parties in interest with ballots conforming to Official Form 14 being transmitted to those creditors and interested parties.

2. The Disclosure Statement was conditionally approved on June 8, 2017 (Docket No. 153), and the Court finds after notice and hearing that the Disclosure Statement (Docket No. 151) complies with all applicable provisions of the United States Bankruptcy Code and applicable Bankruptcy Rules.

3. Notice of the hearing on final approval of the Debtor's Disclosure Statement and confirmation of the Plan and deadlines regarding the return of ballots, serving and filing written objections to the Disclosure Statement and the Plan has been given in accordance with Title 11, United States Bankruptcy Code, the Order of this Court (Docket No. 153), and the Federal and Local Rules of Bankruptcy Procedure.

4. The Plan as set out as Exhibit "A" attached hereto complies with all applicable provisions of the Bankruptcy Code and applicable Bankruptcy Rules relating to confirmation.

**IT IS ORDERED:**

A. The Disclosure Statement (Docket No. 151) is hereby APPROVED on a final basis under 11 U.S.C § 1125.

B. The Plan (Docket No. 150), attached hereto as Exhibit "A," is hereby CONFIRMED under 11 U.S.C. § 1129(a).

C. Debtor will treat the Classes 3A and 3B as follows:

In full and complete satisfaction, commencing 30 days from the Effective Date, holders of Claims in Class 3A are to receive 60 monthly Cash payments of $4,500.00 with interest bearing at 6.25% per annum with the remaining balance on the Claims due at the end of 60 months, with principal and interest payments being applied to the Claims as provided by the respective promissory notes. Debtor shall execute documentation in connection with this Plan in favor of the holder of Class 3A to evidence the payment obligation created by this Plan. Holders of Claims in Class 3A shall be entitled to receive the proceeds from the settlement or award from the Enterprise Lawsuit, with the proceeds being applied to the unpaid principal balance. Holders of Claims in Class 3B are to receive Cash payments for 24 monthly installments of $1,500.00 with the remaining claimed amounts to be paid pro rata over 96 months with interest bearing at the Plan Rate and payments commencing 30 days from the Effective Date. In the event of any failure of the Reorganized Debtor to timely make its required plan payments to the Holders of Allowed Claims in this Class, which shall constitute an event of default under the Plan as to these Claimants, they shall send Notice of Default to the Reorganized Debtor. If the default is not cured within thirty (30) days of the date of such notice, the Holders of Allowed Claims may proceed to collect all amounts owed pursuant to state law without further recourse to the Bankruptcy Court. The holders of Claims in Classes 3A and 3B are only required to send two (2) Notices of Default, and upon the third event of default, the taxing authorities may proceed to collect all amounts owed under state law without recourse to the Bankruptcy Court and without further notice.

| Claimant | Scheduled Claim | Filed Claim |
|---|---|---|
| Allegiance Bank | $584,350.08 | $580,047.60 |
| Internal Revenue Service | $380,138.84 | $380,138.84 |

D.   Debtor will treat the Holders of the Claims in Class 4 as follows:

Holders of Allowed Claims in Class 4 shall be paid in Cash in 60 monthly equal installments commencing 30 days from the Petition Date with interest bearing per the applicable non-bankruptcy statutory law. Holders of Allowed Claims in Class 4 shall retain all liens it currently holds, whether for pre-petition tax years or for the current tax year, on any property of the Debtor until it receives payment in full of all taxes, and interest owed to them under the provisions of this Plan, and their lien position shall not be diminished or primed by any Exit Financing, if any, approved by the Court in conjunction with the confirmation of this Plan. In the event of any failure of the Reorganized Debtor to timely make its required plan payments, or subsequent ad valorem taxes in the ordinary course to the Holders of Allowed Claims in this Class, which shall constitute an event of default under the Plan as to these Claimants, they shall send Notice of Default to the Reorganized Debtor. If the default is not cured within thirty (30) days of the date of such notice, the Holders of Allowed Claims may proceed to collect all amounts owed pursuant to state law without further recourse to the Bankruptcy Court. The taxing authorities are only required to send two (2) notices of default, and upon the third event of default, the taxing authorities may proceed to collect all amounts owed under state law

without recourse to the Bankruptcy Court and without further notice.

| Claimant | Scheduled Claim | Filed Claim |
|---|---|---|
| Austin County | $46,310.56 | $43,671.41 |

E.   In accordance with 11 U.S.C. § 1142, the Debtor is authorized and directed without the need for any further approval to immediately take any action necessary or appropriate to implement, effectuate, and consummate the Plan and any transactions contemplated thereby or by this Order in accordance with their respective terms.

F.   The Holders of Interests in Class 8 will be treated as follows:

Class 8 - Equity Interest Holders of CDR will retain their stock in the Reorganized Debtor in exchange for the transfer of their interest in a trailer located in Karnes City, Texas to the Reorganized Debtor.

G.   Administrative Claims will be treated as follows:

| Type | Estimated Amount Owed | Proposed Treatment |
|---|---|---|
| Professional Fees for Debtor's Counsel | $9800[1] | Debtor proposes to pay the remaining Professional Fees with monthly payments of $5000.00 until the Professional Fees for Debtor's counsel is paid. |
| Professional Fees for William West, P.C. as Accountant | $6290.85 | Debtor proposes to pay the remaining Professional Fees with monthly payments of $2500.00 until the Professional Fees is paid. |
| Texas Workforce Commission | $13,980.48 | Debtor proposes to pay the Claim in full within 30 days on the Effective Date. A failure by the Debtor or Reorganized Debtor to make a plan payment to an agency of the State of Texas shall be an Event of Default. If the Debtor or Reorganized Debtor fails to cure an Event of Default as to an agency of the State of Texas within ten (10) days after service of a written notice of default, then that agency may (a) enforce the entire amount of its claim; (b) exercise any and all rights and remedies available under applicable non-bankruptcy law; and (c) seek such relief as may be appropriate in this court. The Debtor and/or Reorganized Debtor can receive up to three (3) notices of default, however, the third default cannot be cured. |

H.   Pursuant to 11 U.S.C. § 503(b)(1)(D), Holders of Claims which are Governmental

---

[1] Counsel for Debtor has not yet submitted a Fee Application but will file one shortly thereafter.

Units as defined in 11 U.S.C. § 101(27) are not required to file an applications for payment and their rights to set off survive the Debtor's discharge. Debtor will continue to file returns and pay amounts owed to the Governmental Units, including post-petition and pre-confirmation periods, pursuant to applicable non-bankruptcy law.

I. Debtor shall pay the remainder of its pre-petition quarterly fees within fifteen (15) days from the date of this Order and shall timely pay post-petition quarterly fees pursuant to 28 U.S.C. § 1930(a)(6) until such time as the Court closes this Chapter 11 case. After confirmation, the Debtor shall file with the Bankruptcy Court a monthly operating report until this Chapter 11 case is closed.

SIGNED this 28 day of June, 2017.

Karen K. Brown
U.S. Bankruptcy Judge